## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JUAN JOSE RIVAS SALAZAR                   :
                                          :          **CIVIL ACTION**
            **v.**                            :          **No. 26-3730**
                                          :
**J.L. JAMISON** *et al.*                       :

## ORDER

This 3rd day of June, 2026, upon consideration of Petitioner Juan Jose Rivas Salazar's

Petition for Writ of Habeas Corpus, ECF 1, and the Government's Response, ECF 4, it is hereby

**ORDERED** that the Petition is **GRANTED**.[1]

**IT IS FURTHER ORDERED** that:

1.      The Court finds that Mr. Rivas Salazar is not subject to mandatory detention under

8 U.S.C. § 1225(b)(2).[2]

---

[1]      The central legal issues presented by this Petition have been capably and thoroughly analyzed by numerous members of this Court, and no purpose is served by the delay in preparing an opinion addressing the same issues.  I therefore adopt and rely upon the reasoning of those decisions, including, without limitation, *Demirel v. Fed. Det. Ctr. Phila.*, No. 25-cv-5488, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025) (Diamond, J.); *Ndiaye v. Jamison*, No. 25-cv-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025) (Sánchez, J.); *Kashranov v. Jamison*, No. 25-cv-5555, 2025 WL 3188399, at *4–7 (E.D. Pa. Nov. 14, 2025) (Wolson, J.); *Diallo v. O'Neill*, No 25-cv-6358 (E.D. Pa. Nov. 26, 2025) (Savage, J.).

[2]      The Government seeks to distinguish this case because Mr. Rivas Salazar was first detained shortly after his/her crossing the border more than three years ago thus subjecting him to the rule established by *Matter of Q. Li*, 29 I&N Dec. 66 (BIA 2025).  *See* ECF 4.  But that fact is a distinction without a difference: it remains the case that Mr. Rivas Salazar is no longer actively "seeking admission" within the meaning of § 1225(b) as it has been construed by this Court and many others across the country.  *See Cabeza Cordero v. Rose*, No. 26-cv-534, Dkt. No. 5, at 5 n.10 (E.D. Pa. Jan. 29, 2026) (Marston, J.) (rejecting a detention based on *Q. Li* because "it is immaterial whether the Government detained Petitioner as an applicant 'seeking admission' under Section 1225(b) when Petitioner first crossed the border in 2022. What matters is that he was not actively seeking admission within the meaning of that Section when he was re-arrested."); *see also Butskhrikdze v. Jamison*, No. 26-cv-730, 2026 WL 446644, at *5 (E.D. Pa. Feb. 17, 2026) (Costello, J.) (collecting cases).

Shifting to a broader lens, one is hard-pressed to accept that Congress intended to mandate detention of all immigrants in the United States who lacked permission to enter, and even more hard-pressed that it would have done so in such an opaque fashion.  This is reinforced by the fact that no prior Administration has adopted the view now advanced by the Government.

2.      The Government shall release Mr. Rivas Salazar from custody immediately, return all personal belongings confiscated upon or during his detention, including his identification documents, and certify compliance with this order no later than **3:00 p.m., June 4, 2026**.

3.      The Government is temporarily enjoined from re-detaining Mr. Rivas Salazar for seven days following his release from custody.

4.      If the Government pursues re-detention of Mr. Rivas Salazar, it must first provide him with a bond hearing at which a neutral immigration judge shall determine whether detention is warranted pending the resolution of Mr. Rivas Salazar's removal proceedings.

5.      If the Government pursues re-detention of Mr. Rivas Salazar, it shall not remove, transfer, or otherwise facilitate the removal of Mr. Rivas Salazar from the Eastern District of Pennsylvania prior to the bond hearing that would then be required by this Order.  If the neutral immigration judge determines Mr. Rivas Salazar is subject to detention under 8 U.S.C. § 1226(a),

---

The Government cites *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), as persuasive authority for its position.  In my view, the majority in that case fails to account for the fact that the use of different terms between § 1225 and § 1226, such as "arriving aliens" and "inspection by immigration officers," strongly suggests that Congress intended to address two distinct situations.  The Supreme Court appears to have recognized as much in *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018).  The majority opinion also fails to recognize that its construction of the statute would necessarily render some parts of § 1226 superfluous, a result to be avoided.

More recently, another circuit endorsed the Government's view.  *See Avila v. Bondi*, No. 25-cv-3248, 170 F.4th 1128 (8th Cir. 2026).  Like *Buenrostro-Mendez*, *Avila* was a split decision, and Judge Erickson's dissent makes telling points about the context of the INA and the history of the IIRIRA, including his observation that "[a]ll three branches of government understood the IIRIRA to maintain the distinction between unadmitted noncitizens in the interior and those arriving at the border for detention purposes."  *Id.* at 1140 (Erickson, J., dissenting).

An overwhelming majority of federal courts nationwide have rejected the Government's position, a consensus that now includes three circuit courts.  *See Cunha v. Freden*, No. 25-3141, 2026 WL 1146044 (2d Cir. Apr. 28, 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, No. 25-14065, 2026 WL 1243395 (11th Cir. May 6, 2026); *Lopez-Campos v. Raycraft*, No. 25-1965, 2026 WL 1283891 (6th Cir. May 11, 2026).

I continue to endorse that consensus.

the Government may request permission to move Mr. Rivas Salazar if unforeseen or emergency circumstances arise that require his/her removal from this District.  That request must set forth the grounds for the request and a proposed destination.

6.	Upon the Government's filing of the certification required by Paragraph 2, the Clerk of Court shall mark this case as **CLOSED**.

 /s/ Gerald Austin McHugh  
United States District Judge